**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SUNEDISON, INC., et al., | Case No. 16-10992 (SMB) |
| Debtors. | (Jointly Administered) |
| | Adv. Proc. No. 19-01443 (SMB) |
| SUNEDISON, INC., | |
| Plaintiff, | Hearing Date: March 20, 2020 |
| v. | Time: 10:00 AM |
| | Courtroom: 723 |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## ANSWER AND COUNTERCLAIM

The United States of America (the "Government"), by and through its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, answers the complaint in this adversary proceeding (the "Complaint") on information and belief as follows. Subject to, and reserving all rights under, 28 U.S.C. § 2414 and Fed. R. Civ. P. 62(e), as asserted in the second defense, the Government consents to entry of final orders or judgments by this Court under Fed. R. Bankr. P. 7012(b).

The first unenumerated paragraph of the Complaint constitutes plaintiff's characterization of this action and the relief sought, not allegations of fact, and thus no response is required. To the extent a responses is deemed necessary, the Government denies that plaintiff is entitled to any of the relief requested in this section, or to any relief whatsoever.

I. **PRELIMINARY STATEMENT**[1]

1. The Government denies the allegations of the first sentence, and admits and avers that on October 26, 2017, Congress enacted an amendment to 28 U.S.C. § 1930(a)(6), which provides (among other things) that, for quarters starting on or after January 1, 2018, during fiscal years 2018 through 2022, if the balance in the United States Trustee System Fund is below a statutory cap, the quarterly fees in chapter 11 cases with disbursements of $1,000,000.00 or more per quarter shall be the lesser of $250,000.00 or 1% of such disbursements ("2017 amendment"). The second sentence constitutes plaintiff's characterization of this action, not allegations of fact, and thus no response is required. The Government denies the allegations of the third, fourth, fifth, and sixth sentences.

2. The Government denies the allegations of the first sentence. The second sentence contains plaintiff's conclusions of law and request for relief, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of the second sentence.

3. This paragraph constitutes plaintiff's characterization of this action and the relief sought, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations in this paragraph.

4. This paragraph (including the footnote) contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government respectfully refers this Court to the referenced cases for a complete

---

[1] These headings do not constitute allegations in and of themselves and thus do not require a response; they are repeated here for convenience only. The numbered paragraphs of the Government's answer correspond to the numbered paragraphs in the Complaint.

2

and accurate statement of their contents, and denies that it is impermissible or unconstitutional to apply the 2017 amendment to cases pending prior to the statute's enactment.

## II.    PARTIES

5.    The Government lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and fourth sentences of this paragraph. The Government admits the allegations in the second and third sentences of this paragraph.

6.    The first sentence contains conclusions of law, not allegations of fact, and thus no response is required. The Government admits the allegations in the second sentence.

## III.    JURISDICTION, CORE ALLEGATIONS, AND VENUE

7.    This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

8.    This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.

9.    This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required. This paragraph also constitutes plaintiff's characterization of this Court's order confirming plaintiff's reorganization plan and the plan itself, which speak for themselves and are the best evidence of their contents.

10.    This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required.

11.    The first sentence of this paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required. The second sentence of this paragraph contains plaintiff's consent to entry of final judgment, not allegations of fact, and thus no response is required.

12. This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required.

13. This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required.

### IV.     BACKGROUND

#### A. SUNE's Bankruptcy Case

14. Admits.

15. Admits.

16. The allegations of paragraph 16 consist of a quotation from a document, which is the best evidence of its contents. The Government respectfully refers the Court to the Plan for a full and accurate statement of its contents.

17. The first sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response to the allegations of the first sentence is deemed necessary, the Government denies that it is bound as a contractual matter by the plaintiff's reorganization plan. The Government is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of this paragraph.

#### B. Increase in UST Quarterly Fees

18. The Government denies the allegations of the first sentence and admits and avers that the United States Trustee Program is a commonly used description of a component of the Department of Justice responsible for overseeing the administration of bankruptcy cases and trustees under 28 U.S.C. §§ 581 - 589 and 11 U.S.C. §§ 101, *et seq.*, and that a United States Trustee is appointed by the Attorney General for each of 21 regions comprising 88 of the 94

federal judicial districts, 28 U.S.C. §§ 88-131 & 581(a).  The Government denies the allegations contained in the second sentence of this paragraph, and admits and avers that oversight of the administration of bankruptcy cases in the six judicial districts located in Alabama and North Carolina is handled by bankruptcy administrators, who are employees of the judicial branch.  The Government admits the allegations contained in the third sentence of this paragraph.

19. This paragraph constitutes plaintiff's characterization of 28 U.S.C. § 1930(a)(6), which speaks for itself and is the best evidence of its contents.

20. The Government denies the allegations of the first sentence and avers that the 2017 amendment was enacted on October 26, 2017, to amend 28 U.S.C. § 1930(a), which speaks for itself and is the best evidence of its contents.  *See* Pub. L. No. 115-72, div. B, § 1004(a), 131 Stat. 1224, 1232 (2017) (codified at 28 U.S.C. § 1930(a)(6)(B)).  The Government admits that the block quote of section 1930(a)(6)(B) contained in the last sentence of this paragraph is accurate.

21. The allegations of paragraph 21 are argumentative, not factual, and on that basis the Government denies them; to the extent a response is required, the Government respectfully refers the Court to the relevant statutes for their complete contents.

22. Admits.

23. The allegations of paragraph 23 are argumentative, not factual, and on that basis the Government denies them, except admits and avers that the 2017 amendment altered the applicable fee calculations under certain circumstances, and the Government respectfully refers the Court to 28 U.S.C. § 1930(a) (as amended), which speaks for itself and is the best evidence of its contents.

24. The allegations of paragraph 24 are argumentative, not factual, and on that basis the Government denies them. In response to the second sentence, the Government admits only that the mathematical calculation of the percentage increase for the quarterly disbursements alleged is accurate and denies the remaining allegations.

25. Admits.

26. The allegations of the first two sentences constitute conclusions of law, and thus do not require a response; to the extent a response is required, the Government denies the allegations. The third sentence (including the citation) constitutes plaintiff's characterization of 28 U.S.C. § 1930(a)(7), which speaks for itself and is the best evidence of its contents. The Government denies the allegations in footnote 6, and avers that on November 13, 2000, the Federal Courts Improvement Act of 2000 was enacted, amending 28 U.S.C. § 1930(a), which speaks for itself and is the best evidence of its contents. Pub. L. No. 106-518, § 105, 114 Stat. 2410, 2412 (2000) (codified at 28 U.S.C. § 1930(a)(7)).

27. The Government denies the allegations in the first sentence. The Government denies the allegations in the second sentence, and admits and avers that quarterly fees equal to the amounts imposed by 28 U.S.C. § 1930(a)(6)(B) were not initially assessed or collected in the bankruptcy administrator jurisdictions. The Government admits the allegations contained in the third sentence.

28. Admits.

**C. The Amendment's Impact on SUNE**

29. Admits.

30. Admits.

6

31. The Government denies the allegations of this paragraph and admits and avers that from the first quarter of 2018 through the second quarter of 2019, plaintiff paid $1,192,886 (rounded to the nearest dollar) more in quarterly fees under 28 U.S.C. § 1930(a)(6)(B) than would have been required under 28 U.S.C. § 1930(a)(6)(A) based on the disbursements made in those quarters.

32. This paragraph constitutes plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

### D. SUNE is Entitled to a Refund of All Quarterly Fee Overpayments

33. Denies.

34. Denies.

35. The Government admits that the quotation in footnote 9 is accurate, and respectfully refers this Court to the referenced court filing, which speaks for itself and is the best evidence of its contents. *Acadiana Management Group, LLC, et al., v. United States*, Case No. 19-496C, (Ct. Cl. Oct. 7, 2019) (Dkt. No. 18 at p. 27). The remaining allegations of this paragraph contain plaintiff's conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is required, the Government denies that plaintiff is entitled to payment of a refund.

36. This paragraph constitutes plaintiff's characterization of chapter 3-9.6.2.4 of the United States Trustee Program Policy and Practices Manual, available at https://www.justice.gov/ust/file/volume_3_chapter_11_case_administration.pdf/download, which speaks for itself and is the best evidence of its contents.

37. The Government denies the allegations of this paragraph and admits and avers that deposits to the United States Trustee System Fund and the $226 million in appropriations to

7

the United States Trustee Program, which exceed the amount of quarterly fees that plaintiff alleges it overpaid, are available as appropriate to pay refunds due depositors. *See* Consolidated Appropriations Act, 2019, Pub. L. No. 116-6 at 103-04 (2019).

38.     Denies.

## V.    CLAIMS FOR RELIEF

39.     This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required.

40.     This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required.

41.     The Government admits that the block quote excerpted from 11 U.S.C. § 542(b) is accurate, and respectfully refers this Court to the referenced statute for a complete statement of its contents.

### FIRST CLAIM FOR RELIEF

**Declaratory Judgment that the Amendment Does Not Retroactively Apply to SUNE and SUNE is Entitled to Recovery of Excess Fees**

42.     The Government repeats and realleges each of the foregoing responses as though fully set forth herein.

43.     This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of the first sentence, avers that the quotations included in the second and third sentences are accurate, and respectfully refers this Court to the referenced cases for a complete statement of their contents.

44. This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of this paragraph.

45. The Government denies the allegations of the first sentence and avers that from the first quarter of 2018 through the second quarter of 2019, plaintiff paid $1,192,886 (rounded to the nearest dollar) more in quarterly fees under 28 U.S.C. § 1930(a)(6)(B) than would have been required under 28 U.S.C. § 1930(a)(6)(A) based on the disbursements made in those quarters. The Government denies the allegations of the second and third sentences.

46. This paragraph contains plaintiff's conclusions of law and requested relief, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of this paragraph.

## SECOND CLAIM FOR RELIEF

**Declaratory Judgment that the Amendment, if Applied to SUNE, Violates the Due Process and Takings Clauses of the U.S. Constitution and SUNE is Entitled to Recovery of Excess Fees**

47. The Government repeats and realleges each of the foregoing responses as though fully set forth herein.

48. The Government denies the allegations of this paragraph.

49. The Government admits that the quotation excerpted from the Due Process Clause is accurate, and respectfully refers this Court to the referenced constitutional provision for a complete statement of its contents.

50. This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required.

51. Denies.

52. The Government lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first two sentences. The Government denies the allegations of the third sentence.

53. Denies.

54. This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of this paragraph.

55. Denies.

56. Denies.

57. The Government denies the allegations of the first sentence. The Government admits that the block quote excerpted from the Takings Clause in the second sentence is accurate, and respectfully refers this Court to the referenced constitutional provision for a complete statement of its contents.

58. The first and second sentences contain plaintiff's conclusions of law, not allegations of fact, and thus no response is required. The Government denies the allegations of the third sentence.

59. In response to the first sentence, the Government admits only that the mathematical calculation of the percentage increase for the quarterly disbursements alleged in paragraph 24 is accurate and denies the remaining allegations. The Government denies the allegations of the second, third, and fourth sentences.

60. Denies.

61. The Government denies the allegations of the first sentence and avers that from the first quarter of 2018 through the second quarter of 2019, plaintiff paid $1,192,886 (rounded

10

to the nearest dollar) more in quarterly fees under 28 U.S.C. § 1930(a)(6)(B) than would have been required under 28 U.S.C. § 1930(a)(6)(A) based on the disbursements made in those quarters. The second sentence contains plaintiff's conclusions of law and requested relief, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of the second sentence.

## THIRD CLAIM FOR RELIEF

### Declaratory Judgment that the Amendment is Facially Unconstitutional or As-Applied to SUNE as Non-Uniform and SUNE is Entitled to Recovery of Excess Fees

62. The Government repeats and realleges each of the foregoing responses as though fully set forth herein.

63. The Government denies the allegations of the first sentence. The Government denies the allegations of the second sentence, and avers that quarterly fees equal to the amounts imposed by 28 U.S.C. § 1930(a)(6)(B) are not assessed or collected in cases filed before October 1, 2018 in the bankruptcy administrator jurisdictions.

64. The Government admits that the quotation excerpted from the Tax and Uniformity Clauses is accurate, and respectfully refers this Court to the referenced constitutional provision for a complete statement of its contents.

65. The Government admits that the quotation excerpted from the Bankruptcy Clause is accurate, and respectfully refers this Court to the referenced constitutional provision for a complete statement of its contents.

66. This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of this paragraph.

67. The Government denies the allegations of the first sentence and avers that from the first quarter of 2018 through the second quarter of 2019, plaintiff paid $1,192,886 (rounded to the nearest dollar) more in quarterly fees under 28 U.S.C. § 1930(a)(6)(B) than would have been required under 28 U.S.C. § 1930(a)(6)(A) based on the disbursements made in those quarters. The second sentence contains plaintiff's conclusions of law and requested relief, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of the second sentence.

## FOURTH CLAIM FOR RELIEF

### Declaratory Judgment that the Amendment, if Determined to be a User Fee, is Unconstitutional and SUNE is Entitled to Recovery of Excess Fees

68. The Government repeats and realleges each of the foregoing responses as though fully set forth herein.

69. The Government admits the allegations of the first sentence. The second sentence contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of the second sentence.

70. The Government admits that the quotation excerpted from the Takings Clause in the first sentence is accurate, and respectfully refers this Court to the referenced constitutional provision for a complete statement of its contents. The second sentence contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of the second sentence.

71. Denies.

72. Denies.

73. This paragraph contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of this paragraph.

74. The Government denies the allegations of the first sentence and avers that from the first quarter of 2018 through the second quarter of 2019, plaintiff paid $1,192,886 (rounded to the nearest dollar) more in quarterly fees under 28 U.S.C. § 1930(a)(6)(B) than would have been required under 28 U.S.C. § 1930(a)(6)(A) based on the disbursements made in those quarters. The second sentence contains plaintiff's conclusions of law and requested relief, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of the second sentence.

## FIFTH CLAIM FOR RELIEF

### Recovery of Attorney's Fees under 28 U.S.C. § 2202

75. The Government repeats and realleges each of the foregoing responses as though fully set forth herein.

76. The Government admits that the quotation from 28 U.S.C. § 2202 in the first sentence is accurate. The second sentence contains plaintiff's conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of the second sentence. The third sentence contains plaintiff's requested relief, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of the third sentence.

## SIXTH CLAIM FOR RELIEF

### Turnover of the Excess Fees, Pursuant to Section 542(b) of the Bankruptcy Code

77. The Government repeats and realleges each of the foregoing responses as though fully set forth herein.

78. Denies.

79. This paragraph constitutes plaintiff's characterization of 11 U.S.C. § 542(b), which speaks for itself and is the best evidence of its contents. To the extent a response is deemed necessary, the Government denies the allegations of this paragraph.

80. This paragraph contains plaintiff's request for relief, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, the Government denies the allegations of this paragraph.

### PRAYER FOR RELIEF

The remainder of the Complaint consists of plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed necessary, the Government denies that plaintiff is entitled to any of the relief requested in this section, or to any relief whatsoever.

### DEFENSES AND COUNTERCLAIMS

### FIRST DEFENSE

81. The Complaint should be dismissed in whole or in part for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

82. No monetary judgment entered against the United States may be paid until the Attorney General of the United States determines that no appeal shall be taken from the judgment or no further review will be sought from a decision affirming the judgment. *See* 28 U.S.C. § 2414; 11 U.S.C. § 106(a)(4); Fed. R. Bankr. 7062; Fed. R. Civ. P. 62(e); 28 U.S.C. § 451.

### THIRD DEFENSE

83. Any award should be offset by any amounts owed to the United States.

### COUNTERCLAIM

14

**Quarterly Fees Due Under 28 U.S.C. §1930(a)(6)**

84.     Plaintiff commenced a case under chapter 11 of title 11 on April 21, 2016, which remains open as of the date of the filing of this Answer.

85.     Quarterly fees "shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed."  28 U.S.C. § 1930(a)(6)(A).

86.     The balance in the United States Trustee System Fund as of September 30, 2019, was less than $135 million.  *See* https://www.justice.gov/ust/chapter-11-quarterly-fees. Accordingly, the quarterly fee schedule under 28 U.S.C. § 1930(a)(6)(B) applies for calendar quarters beginning October 1, 2019 through September 30, 2020.

87.     Plaintiff reported $12,772,296 in disbursements for the third quarter of 2019, and is statutorily required to pay $127,723 in quarterly fees for that quarter.  Plaintiff has not yet paid any quarterly fees for the third quarter of 2019, which were due on October 31, 2019.

88.     Plaintiff reported $5,801,497 in disbursements for the fourth quarter of 2019, and is statutorily required to pay $58,015 in quarterly fees for that quarter.  Quarterly fees for the fourth quarter of 2019 will be due on January 31, 2019.

89.     Plaintiff has not paid the full amount of quarterly fees due under 28 U.S.C. §1930(a)(6).

WHEREFORE, the United States respectfully requests that the Complaint be dismissed with prejudice, that costs be assessed against plaintiff, that plaintiff be directed to pay the full amount of fees due under 28 U.S.C. §1930(a)(6), with interest, and that the Government be awarded any other relief deemed just and proper.

Dated: January 20, 2020
      New York, New York

                                GEOFFREY S. BERMAN
                                United States Attorney for the
                                Southern District of New York
                                *Attorney for the United States*

                          By:  */s/ Peter Aronoff*
                                PETER ARONOFF
                                Assistant United States Attorney
                                86 Chambers Street, Third Floor
                                New York, New York 10007
                                Tel.: (212) 637-2697
                                E-mail: peter.aronoff@usdoj.gov